767 So.2d 436 (2000)
Dan Patrick HAUSER, by his next friends Zainna Fawnn CRAWFORD, and Gregory C. Smith, Capital Collateral Counsel, Petitioner,
v.
Michael MOORE, Secretary, Florida Department of Corrections, and James Crosby, Warden, Florida State Prison, Respondents.
Nos. SC00-1664, SC00-1665.
Supreme Court of Florida.
August 18, 2000.
*437 Gregory C. Smith, Capital Collateral Counsel, Timothy P. Schardl, Special Assistant CCC-NR, Heidi Brewer, Assistant CCC-NR, and Linda McDermott, Assistant CCC-NR, Office of the Capital Collateral CounselNorthern Region of Florida, Tallahassee, Florida; Dan Patrick Hauser, pro se, Starke, Florida; and Michael A. Flowers, Co-Counsel of Jones & Flowers, Niceville, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Stephen R. White, Assistant Attorney General, Tallahassee, Florida, for Respondents.
PER CURIAM.
We deny petitioner Zainna Fawnn Crawford's Motion to Proceed as Next Friend and dismiss the Petition for Writs of Habeas Corpus, Prohibition, and Mandamus, and Invoking this Court's All-Writs Jurisdiction for the reason that petitioner does not have standing to petition on behalf of Dan Patrick Hauser. See Durocher v. Singletary, 623 So.2d 482 (Fla.1993).
It is so ordered.
WELLS, C.J., and HARDING, LEWIS and QUINCE, JJ., concur.
SHAW, J., dissents with an opinion, in which ANSTEAD and PARIENTE, JJ., concur.
SHAW, J., dissenting.
Hauser is scheduled to be executed at 6:00 p.m., Tuesday, August 22, 2000. Up until this point, the State's case against Hauser has proceeded by default; no one has challenged the State's assertions. In circuit court, Hauser waived counsel and opted not to challenge his upcoming execution. After appointing a mental health expert to evaluate Hauser's competence to make these decisions and holding a Faretta[1] hearing, the court allowed Hauser to proceed unrepresented. The Office of the Capital Collateral Counsel-North ("CCR") has filed in this Court a motion on behalf of Hauser's biological mother, Zainna Fawnn Crawford, who seeks the Court's permission to proceed in this action on Hauser's behalf as his "next friend."[2] She claims that Hauser is incompetent to decide the self-representation issue and that the trial court erred in ruling otherwise. The present majority opinion holds that Crawford lacks standing to proceed in this action. I disagree.
The United States Supreme Court has held that in order to appear before the Court as "next friend," an individual "must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf." Whitmore v. Arkansas, 495 U.S. 149, 110 S.Ct. 1717, 1727, 109 L.Ed.2d 135 (1990). I do not read Durocher v. Singletary, 623 So.2d 482 (Fla.1993), as holding otherwise.
Crawford has raised in this Court the allegation that the trial court's competency order is based on a faulty premise-i.e., that Hauser had no prior history of significant mental health problems. The State does not contest Crawford's present assertions undermining that premise: that Hauser in fact was diagnosed as a manic-depressive, was placed on lithium therapy, has suicidal ideations, has received both in-and outpatient treatment for mental health problems, has chronically abused drugs and alcohol, and was discharged from the Army after six months for mental health reasons.
Crawford in her motion thus raises serious questions concerning Hauser's competency, which the State has not rebutted. In fact, the State earlier asked the trial court to hold such a hearing. Because of the critical nature of this issue and the *438 lack of any prior review, I would return this case to the trial court so that court can hold a limited hearing on the issue of Hauser's competency to discharge counsel. Unlike the situation in Whitmore, the validity of the trial court's competency decision in the present case has never been subjected to appellate review. The State has cited no case where a trial court's competency decision concerning a death-sentenced inmate has not been subjected to appellate review. Further, this Court's decision in Durocher is inapposite. There, no substantive allegation of incompetence was made.[3]
In light of the finality of the death penalty and the fact that, up until now, this case has proceeded without the safety mechanism of appellate review, I believe this Court has a duty to ensure that Hauser is competent to proceed without counsel.
ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[2] Hauser was raised by adoptive parents, who are not involved in the present action.
[3] See Durocher v. Singletary, 623 So.2d 482, 484 (Fla.1993) ("CCR argues that Durocher is not competent to waive collateral representation, but presents nothing more than speculation to support its argument.").